IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLERGAN USA, INC., ALLERGAN HOLDINGS UNLIMITED COMPANY, ALLERGAN PHARMACEUTICALS INTERNATIONAL LIMITED and JANSSEN PHARMACEUTICA NV, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 19-1674 (RGA) |
| AUROBINDO PHARMA LTD. and AUROBINDO PHARMA USA, INC., | ) ) ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and the Scheduling Order, Plaintiffs Allergan USA, Inc. and Allergan Holdings Unlimited Company (collectively "Allergan") and Janssen Pharmaceutica NV ("Janssen") (collectively with Allergan, "Plaintiffs") and Defendants Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc. (collectively, "Aurobindo" or "Defendants"), respectfully request that the following Stipulated Protective Order be entered in the above-captioned action (the "Proceeding") to govern the exchange of discovery materials by the parties and third parties, the use or exhibition of documents and things, and the use or presentation of testimony containing trade secrets, confidential or proprietary research, development, technical, financial, strategic, customer, or commercial information, as well as other kinds of commercially sensitive information within the meaning of Federal Rule of Civil Procedure 26(c)(1), and personal health information protected under state or federal privacy laws, or other applicable personal data protection laws or regulations.

Plaintiffs and Defendants (collectively, "the Parties") agree, and this Court finds, that the disclosure of such commercially sensitive information poses a substantial risk of harm to the legitimate proprietary interests of the Parties and third parties.  Therefore, good cause exists for entry of this Stipulated Protective Order to preserve the confidentiality of certain documents and information, to outline procedures and reasonable restrictions on the disclosure of sensitive materials, and to permit discovery to proceed without delay.

Accordingly, the Court hereby enters the following Stipulated Protective Order, which shall control the disclosure, dissemination, and use of information in these Proceedings:

## I.      DESIGNATION OF MATERIAL AS "CONFIDENTIAL"

1.      The designation of material as "Confidential" as used in this Stipulated Protective Order means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1), including but not limited to any data, projections, or other research, development, technical, commercial, or personnel information, practices, or methods that are non-public and confidential or proprietary, including but not limited to the types of documents set forth below.  Identification of types of documents in this Paragraph shall not be an admission by any party that such documents are relevant or admissible in this Proceeding.

a.      Commercial information, including without limitation, strategic plans, marketing and financial information (for example, P&L statements) concerning a party's current products, processes and/or business relationships or potential future products, processes and/or business relationships.

b.      Confidential marketing plans, market research and business strategy, including research regarding competitors and projected future sales or pricing.

2

c.      Names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors.

d.      Agreements with a party's suppliers, present or prospective customers, or distributors.

e.      Revenue, cost, or profit information for a party's products.

f.      Information relating to a party's research and development efforts.

g.      Product specifications, formulations, and/or information regarding the manufacture of a party's products.

h.      Technical notebooks and technical reports of a party, including product and manufacturing specifications, schematic diagrams, technical reference manuals, operations manuals, or other similar information.

i.      Information that a party believes in good faith is a proprietary trade secret.

j.      Information relating to pending patent applications.

k.      New Drug Applications ("NDAs"), Abbreviated New Drug Applications ("ANDAs"), Drug Master Files ("DMFs"), and Premarket Approval Applications ("PMAs"), including correspondence with the FDA regarding any of the above.

l.      Physical samples of any products, active pharmaceutical ingredients, placebos referenced and/or used for comparison, or excipients.

m.      Personal information of a party's employees.

n.      Personal information and/or identities of physicians and patients.

o.      Information that any party is required to maintain in confidence under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or any similar law or regulation.

3

p.      Any other information a producing party believes in good faith could cause irreparable harm to its business if disclosed to personnel for the receiving party.

Confidential information may be contained in discovery information or materials produced or obtained in this Proceeding by or through any means and by or through any person or entity. The Confidential information contained therein, and all copies, recordings, abstracts, excerpts, analyses, or other writings that contain, reveal, or otherwise disclose such Confidential information, shall also be deemed Confidential information.

2.      Any party or third party may designate as "Confidential" all or any part of any discovery or other materials produced or served in this Proceeding, or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, deposition testimony, and responses to requests for admission, which contain proprietary, business, financial, technical, or other confidential information or know-how protectable under Federal Rule of Civil Procedure 26(c)(1), as set forth in Paragraph 1 above.

3.      A party or third party shall designate a document or thing as Confidential by marking it prominently on its face with the legend "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," as appropriate, when it is produced to the party seeking discovery.  Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto or on an accompanying production letter.  If an entire multi-page document is to be treated as Confidential, each page of such document should be marked.  In addition, to the extent practicable, each page of each document and each thing produced pursuant to discovery in this Proceeding shall bear a unique identifying number.

4.      Notwithstanding such designation, Confidential information does not include information obtained independently of this Proceeding as to which no obligation of confidentiality applies.  Accordingly, nothing in this Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Confidential information if such information:

a.      is determined by agreement of the Parties or order of the Court to be public information,

b.      was lawfully in his or her possession prior to receiving the information or document under the provisions of this Order,

c.      was, is, or becomes available to the public through no fault of a receiving party,

d.      is disclosed by a third party who is not subject to any confidentiality obligations at the time of the disclosure, or

e.      is discovered independently by the receiving party by means that do not constitute a violation of the law or this Order.

5.      Nothing in this Order shall prevent a party or third party from redacting from documents or things, which otherwise contain relevant discoverable information, any Confidential information that is irrelevant to this Proceeding or otherwise not discoverable, such as information relating to a product not at issue in the Proceeding, pursuant Federal Rule of Civil Procedure 26(b).  Redactions shall be clearly labeled as such, and nothing in this Paragraph shall be construed as a waiver of any party's right to seek disclosure of redacted information. Redactions for privilege or immunity shall be marked as "Redacted Privilege" or a similar marking.  Any materials marked with a "Redacted Privilege" designation are not required to be

logged in a party's privilege log in the first instance.  Upon a showing of good cause (*e.g.*, that the nature of the privilege claim cannot reasonably be ascertained), the receiving party may request that the producing party log a redacted document.  Plaintiffs and Defendants need not log material in a privilege log to the extent that material was generated on or after July 31, 2019, the date on the face of the notice letter that was received by Plaintiffs from Defendants with respect to Viberzi®.

6.      Prior to production, a party or third party may redact from all documents, e-mails, and personal electronic files all personal information, including the following:  home address, home and cell phone numbers, pager numbers, names of spouses and children, credit card information, benefits information, compensation information, and information found in employee files.

7.      Unless otherwise agreed by the Parties, deposition transcripts taken in connection with this Proceeding will be temporarily designated and treated as Confidential for thirty (30) calendar days from the date of the deposition, in order to give the Parties or third parties the opportunity to properly designate any Confidential information in the transcript.  Within those thirty (30) calendar days, the Parties and/or third parties may designate any or all portions of the transcript as Confidential information in accordance with this Protective Order.  If a deposition transcript or deposition exhibits contain Confidential information, the deposition transcript will be marked on its first page with the legend "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER."  Nothing in this Order shall prevent a deponent from reviewing and making corrections to the transcript of their deposition pursuant to Federal Rule of Civil Procedure 30(e).  Nothing in this Paragraph shall prevent a party from showing to its own employees, officers, directors, or agents transcripts from depositions taken of its own witnesses.

6

8.      Any documents or material provided for inspection, as opposed to produced, in this Proceeding is to be treated by the inspecting/receiving party as Confidential information pending the copying and delivery of any copies of the same by the producing party.  After copies are delivered to the inspecting/receiving party, the information in such documents or things will be treated consistent with any legend on each document or thing.  Unless otherwise agreed or ordered by this Court, inspection of documents or things by a party shall be conducted only by Outside Counsel or independent consultants or experts eligible under Paragraph 14(c) below.

9.      For any documents produced before the entry of this Order and marked under District of Delaware Local Rule 26.2, the receiving party will treat them as Confidential after entry of this Order, unless the producing party subsequently designates them otherwise.

10.      Documents and things produced without a legend designating the material Confidential shall not be subject to this Protective Order, unless otherwise agreed by the Parties or ordered by the Court.

## II.      USE OF CONFIDENTIAL INFORMATION

11.      Confidential information, including all copies, summaries, abstracts, excerpts, indices, and descriptions of such material, shall be held in confidence by the receiving party, shall be used only by persons permitted access to the information under this Protective Order, and shall not be used for any purpose other than in connection with this Proceeding, any appeal therefrom, and any remands thereto.  For example, the Confidential information of another party shall not be used for any research, development, patent prosecution, patent claim amendments, commercial, marketing, regulatory (including Citizen Petitions), or other competitive purpose. All persons receiving Confidential information are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the United

States Patent and Trademark Office ("USPTO"), the United States Food and Drug Administration ("FDA"), the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction. Nothing contained in this Order shall preclude any party from using its own Confidential information in any manner it sees fit, without prior consent of any party or the Court. Nothing in this Order shall restrict any party's counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential information, provided that in rendering such advice counsel shall not disclose any other party's Confidential information other than in a manner provided for in this Order.

12.     Without prior written approval of the producing party, which shall not be unreasonably withheld, or an order from the Court, no person permitted access to any Confidential information may disclose the Confidential information of the Defendants to any other defendants who join or are joined to this Proceeding; however, the parties shall consider disclosure of Confidential information among Defendants on an outside counsel basis when appropriate for litigation efficiency and Confidential information of a Defendant may be used by Plaintiffs at any Court hearing or trial or at any appeal thereof, even if outside counsel of any other Defendant is present.

13.     The Defendants in this Proceeding, as well as any defendants who join or are joined to this Proceeding and who are bound by this Protective Order, may exchange documents or information (including, but not limited to, motions, briefs, declarations, discovery responses, contentions, and expert reports) describing or referring to information designated by Plaintiffs as Confidential, so long as every Defendant who receives such documents treats all designated materials in accordance with this Protective Order. The exchange contemplated by this

Paragraph does not modify any of the restrictions on the dissemination of Plaintiffs' Confidential information set forth in this Protective Order.

## III.   ACCESS TO CONFIDENTIAL INFORMATION

14.   Confidential information may be disclosed only to the following "Qualified Persons:"

a.   When Plaintiffs are the non-designating parties, up to two (2) in-house counsel, provided that each in-house counsel is a licensed U.S. attorney and is not directly responsible for competitive decision making and provides Defendants' counsel with a copy of a signed Undertaking in the form of Exhibit A, along with their necessary secretarial, clerical, paralegal, and other supporting personnel.  For Plaintiffs, these in-house legal counsel shall be:

Allergan:  Casey Dwyer and Michael Montgomery

Janssen:  Jennifer Reda and Clara Jimenez

b.   1.   When Defendants are the non-designating parties, up to two (2) in-house counsel, provided that each in-house counsel is a licensed U.S. attorney and is not directly responsible for competitive decision making and provides Plaintiffs' counsel with a copy of a signed Undertaking in the form of Exhibit A, along with their necessary secretarial, clerical, paralegal, and other supporting personnel.  For Defendants, these in-house counsel shall be:

Aurobindo:  _____

2.   To the extent that a Defendant does not have two in-house legal counsel who meet the above criteria in their corporation or corporate family, then such Defendant may disclose Confidential information to up to two in-house IP managers, such that the Defendant in question has no more than two individuals authorized to receive and review Confidential information in connection with the Proceeding, so long as each such IP manager is not directly responsible for competitive decision making and provides Plaintiffs' counsel with a

9

copy of a signed Undertaking in the form of Exhibit A.  For Defendants, these in-house IP managers shall be:

Aurobindo: _____

c.      Independent experts and consultants and their staff retained to assist counsel for the Parties in the conduct of this Proceeding, provided such experts and consultants have complied with Paragraphs 18 and 19 herein;

d.      The Court and its law clerks, staff, and any jury selected to hear this case;

e.      Court reporters and videographers;

f.      Photocopy services;

g.      Professional translators who are retained by the attorneys for the Parties for the purposes of these litigations;

h.      Graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action;

i.      Non-technical trial consultants and persons employed or retained by them;

j.      Document imaging and database services and consultants retained to set up, maintain and/or operate litigation databases; and

k.      Others as to whom the designating party has given written consent.

15.      During the Proceedings, and for a period of one year following their conclusion, including any appeal or remand, any person receiving Confidential information may not participate in any ex parte patent prosecution proceedings before the USPTO involving eluxadoline or any polymorph or formulation thereof, or any corresponding ex parte patent prosecution proceedings before any corresponding foreign patent or regulatory authority. Similarly, during the Proceedings, and for a period of one year following their conclusion,

10

including any appeal or remand, any person receiving Confidential information may not participate in any portion or phase of any inter partes review ("IPR") proceedings or ex parte reexamination proceedings before the USPTO directed to amending patent claims, or any corresponding proceedings before any corresponding foreign patent or regulatory authority.

16.     Only Qualified Persons, the deponent, and his or her attorney (if any), shall be allowed to attend any portion of a deposition during which Confidential information is used or elicited from the deponent.  Counsel for the designating party may request that all persons other than the deponent, the court reporter and videographer, Qualified Persons, individuals specified in Paragraph 14, and counsel for the witness (if a third party witness) leave the deposition room during any portion of a deposition which enquires into matters deemed Confidential by the designating party.  The failure of individuals other than those specified in the previous two sentences to leave the deposition room during any portion of the deposition which enquires into matters deemed Confidential information by the designating party shall constitute justification for counsel to instruct the witness that he or she shall not answer the question(s) posed concerning such matters until such time as all individuals other than those specified in the previous two sentences leave the deposition room.

17.     This Order shall not limit a party's examination, at a deposition, hearing, or trial, of persons who are not authorized to receive Confidential information under the terms of this Order, so long as such examination concerns only Confidential information that the witness authored, received, was involved in generating, or previously had access to or knowledge of, as demonstrated by the information itself or by foundation testimony during a deposition, hearing, or trial, or if the producing party consents to such disclosure.  This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored,

received, generated, or previously had access to or knowledge of Confidential information. Examination using a party's Confidential information may be conducted on a witness of the same party who is a designee pursuant to Federal Rule of Civil Procedure 30(b)(6).

18.     Before disclosing another party's Confidential information to a person or entity described in Paragraph 14(c), the party shall first obtain a signed Certification in the form of the annexed Exhibit B.  The Certification shall be signed by the company, firm, group, or person retained by the party, and a single Certification by the company, firm, group, or person shall be sufficient to cover all employees of the company, firm, or group.  Counsel retaining the person(s) described in Paragraph 14(c) shall retain the original of each such signed Certification.

19.     Before disclosing another party's Confidential information to an outside consultant or expert under Paragraph 14(c), the party shall first provide to the producing party: (a) a signed copy of the Certification found in Exhibit B of this Order; (b) a current resume (curriculum vitae) for the consultant or expert including a list of publications; and (c) a list of any other cases in which the consultant or expert has testified as an expert at trial or by deposition within the preceding four (4) years.  Once the producing party has received the requisite documents and consultant/expert information, the producing party shall then have seven (7) calendar days to provide a written objection to the proposed disclosure of its Confidential information, including the specific reason(s) for such objection.  No disclosure of Confidential information shall occur during this 7-day period.  If a timely written objection is made:  (i) there shall be no disclosure of the Confidential information to the consultant or expert, except by further order of the Court or by agreement by the Parties, (ii) the Parties agree to promptly meet and confer in good faith regarding the basis for (and resolution of) the objection, and (iii) if the Parties cannot reach an agreement, the party objecting to the disclosure of information to the

consultant/expert may pursue the issue via the Court's established discovery dispute procedures within seven (7) calendar days of the meet and confer.  On any motion brought pursuant to this Paragraph, the objecting party shall bear the burden of showing why disclosure of information to that consultant/expert should be precluded.  Failure to timely object or to timely seek adjudication by the Court will act as a waiver of the objection, and the consultant or expert will become a Qualified Person.

20.     Any person who receives Confidential information pursuant to Paragraph 14 may not during the pendency of this Proceeding and for a period of one year after final termination of the Proceeding, including any appeals or remands, have direct responsibility in any petitioning, counseling, or other correspondence involving the FDA concerning Viberzi® and/or any proposed therapeutic equivalents thereof (e.g., concerning any methods of use or administration of Viberzi® or determination of bioequivalence to Viberzi® or determination of abuse deterrence for any proposed generic version of Viberzi®), including but not limited to the preparation or submission of any FDA correspondence (e.g., citizen's petitions and oppositions to citizen's petitions), or any similar correspondence in any foreign country regarding regulatory approval requirements for Viberzi®.  For avoidance of doubt, nothing in this Paragraph shall be construed to limit the individual from communicating with FDA or any other regulatory or governmental authority in good faith regarding health, safety or efficacy matters related to Viberzi® and/or any proposed therapeutic equivalents thereof, pursuant to court order, or as otherwise requested by the FDA or required by applicable law or regulation.

21.     If, at the time this Order is signed, a party has not yet identified each of the individuals permitted by Paragraph 14, it may designate such personnel provided it serves written notification to all producing parties along with an Undertaking in the form of Exhibit A

attached hereto.   Additionally, a party wishing to substitute any personnel permitted by Paragraph 14 may do so for good cause (*e.g.*, an attorney or IP manager leaving the company), so long as the party serves written notice to all producing parties along with any necessary Undertaking in the form of Exhibit A attached hereto.

## IV.   INADVERTENT PRODUCTION OF UNDER-DESIGNATED MATERIAL

22.   Inadvertent production of any document, thing, or information without a designation of Confidential information will not be deemed to waive a later claim as to its confidential nature, or stop the producing party from designating said document or information as Confidential information at a later date.

23.   Any producing party may change a designation to Confidential (or withdraw a designation) regarding any material that it has produced by notifying counsel for each receiving party in writing.  Upon receipt of such notice, the non-producing party shall:  (i) not make any further disclosure or communication of such newly designated material except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any material with the original designation (or lack of designation) and alert those persons of the effect of such a change in designation under this Order; (iii) for material newly designated as Confidential, promptly retrieve or have destroyed all copies and transcriptions of such originally designated (or undesignated) material from any persons known to have possession of such material who are not specified in Paragraph 14.  Properly marked documents, reflecting the new designation, shall be promptly provided by the producing party.

## V.   CHALLENGING A "CONFIDENTIAL" DESIGNATION

24.   A party receiving documents or things shall not be obligated to challenge the propriety of a Confidential information designation (or re-designation) at the time the document

or thing is produced, and a failure to do so shall not preclude a subsequent challenge thereto.  If a receiving party disagrees at any time with a Confidential information designation made by another party or a third party, the following procedure shall be used:

      a.    The party seeking to change the designation of another party's documents, things, or information shall provide the producing party written notice specifying the documents, things, or information for which a change in designation is sought, and the reasons for the request.  The producing party shall have seven (7) calendar days after receipt of the written notice within which to object in writing to the change in designation or removal of protection afforded by this Order and to specify why protection under this Order is appropriate.

      b.    If the producing party objects in writing within seven (7) calendar days of receiving such a written notice, the Parties shall meet and confer in an attempt to resolve the dispute without involvement of the Court.

      c.    If the Parties and/or third parties cannot reach agreement concerning the change in designation, the party seeking the removal of protection for the Confidential information may pursue the issue via the Court's established discovery dispute procedures.

      d.    The Parties shall continue to treat the document(s) or thing(s) at issue as Confidential information (according to the original designation(s)) until the dispute is resolved by Order of this Court, or by agreement of the Parties and/or third parties.

      e.    On any motions arising out of the designation of any material as Confidential information under this Order, the burden of justifying the designation shall lie with the producing party.

## VI.   INADVERTENT USE OF CONFIDENTIAL INFORMATION

25.   If any Confidential information of another party is inadvertently used by a receiving party during the course of the Proceeding (including at a deposition) in a manner that contravenes this Stipulated Protective Order, the information shall not lose its confidential status as a result of such use.

26.   If any Confidential information is inadvertently disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party responsible for the inadvertent disclosure shall, within two (2) calendar days of learning of such disclosure, inform the producing party of such disclosure in writing.   As soon as practicable thereafter, the party responsible for the inadvertent disclosure shall use reasonable efforts to obtain the prompt return or destruction of any such Confidential information, and obtain a signed Certification in the form attached hereto as Exhibit B from each unauthorized person or party who inadvertently received any Confidential information.   Satisfaction of the requirements set forth in this Paragraph shall not prevent the producing party from seeking any additional relief, whether by agreement of the Parties or order of the Court.

## VII.   INADVERTENT PRODUCTION OR USE OF PRIVILEGED INFORMATION

27.   If information subject to a claim of attorney-client privilege, attorney work product immunity, or other legal privilege protecting information from discovery is inadvertently produced in any way, such production shall not constitute a waiver (subject matter or otherwise) of any claim of attorney-client privilege, attorney work product immunity, or other legal privilege or ground for withholding production to which the producing party, third party, or other person otherwise would be entitled.   The protections afforded such inadvertent production herein

shall be at least as protective as those provided in Fed. R. Civ. P. 26(b)(5)(B) and/or Fed. R. Evid. 502.

28.     If a written claim of inadvertent production of privileged information is made by a producing party to a receiving party, the receiving party shall:

a.     immediately upon receipt of the claim not make any further copies, reproductions, or transcriptions of the inadvertently disclosed information or document; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production may be made orally, and upon such oral claim all copies of the requested document physically at the deposition must be immediately returned to counsel for the producing party present at the deposition; and

b.     within five (5) days of receipt of the claim described in Paragraph 28(a), destroy or return to the producing party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the receiving party and by those persons to whom the receiving party may have disclosed such information.

29.     Recognizing the need for the Parties to prepare for their case based on the discovery that is produced, if any information, document, or thing is used openly in the case, e.g., at a court hearing, in a deposition, as an exhibit to a motion, or is referenced in an expert report or pretrial order, any claim of inadvertent production based on privilege, must be made within two (2) weeks after such use.

30.     Nothing herein shall prevent a receiving party from challenging the propriety of any claim of attorney-client privilege, work product immunity, or other privilege designation for any inadvertently produced document, except that the inadvertent disclosure shall not be a basis

for any such challenge.  The producing party shall maintain for the duration of the Proceeding a copy of any inadvertently produced document for which it made a subsequent claim of attorney-client privilege, work product immunity, or other privilege.  Despite the existence of a challenge, any inadvertently produced document that is returned based on a claim of attorney-client privilege, work product immunity, or other privilege shall be treated as if it were properly covered by the asserted attorney-client privilege, work product immunity, or other privilege unless and the challenge is resolved in favor of the receiving party.

## VIII.  INADVERTENT PRODUCTION OF ELECTRONICALLY STORED INFORMATION

31.     If electronically stored information ("ESI") is inadvertently produced as the result of an error in the ESI production process, including but not limited to predictive coding errors, optical character recognition ("OCR") errors, or errors in the application of search terms to ESI databases, such production shall not constitute a waiver (subject matter or otherwise) of any claim of privilege, work product immunity, or other ground for withholding production to which the producing party, third party, or other person otherwise would be entitled.  The protections afforded inadvertent production herein shall be at least those provided in Fed. R. Civ. P. 26(b)(5)(B) and/or Fed. R. Evid. 502.

32.     If a written claim of inadvertent production of ESI is made by a producing party to a receiving party, the receiving party shall:

a.     immediately upon receipt of the claim not make any further copies, reproductions, or transcriptions of the inadvertently disclosed ESI; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production may be made orally, and upon such oral claim all copies of the requested ESI physically at the deposition must be immediately returned at the deposition; and

18

b.      within five (5) days of receipt of the claim described in Paragraph 32(a), destroy or return to the supplying party every original and every copy, reproduction, or transcription of all such inadvertently produced ESI possessed by the receiving party and by those persons to whom the receiving party may have disclosed such information.

33.      Recognizing the need for the Parties to prepare for their case based on the discovery that is produced, if any ESI is used openly in the case, e.g., at a court hearing, in a deposition, as an exhibit to a motion, or is referenced in an expert report or pretrial order, any claim of inadvertent production of such ESI must be made within two (2) weeks after such use.

34.      Nothing herein shall prevent the receiving party from challenging the propriety of the claim of inadvertent production of ESI.  The receiving party must preserve the confidentiality of the document or information until the claim is resolved.

## IX.      PRODUCTION OR DISCLOSURE OF A THIRD PARTY'S INFORMATION

35.      Any subpoena or other notice to a third party requesting production of documents shall include a copy of this Protective Order.  This requirement shall not change the requirements for service of a valid subpoena under the Federal Rules of Civil Procedure.

36.      If a third party produces documents pursuant to a subpoena or other request issued by one of the Parties (or by Court order) and if the third party has not requested its documents be treated as Confidential, then it shall be presumed that the documents produced contain information for which the third party has determined require no designation under the Stipulated Protective Order.  The third party's documents and things shall be handled by all Parties to this Proceeding according to the appropriate designations under this Stipulated Protective Order.  The party issuing the subpoena or other request for documents or things to the third party shall

provide any non-requesting party an opportunity to review and make copies of any documents produced in response to that subpoena or request.

37.     A party in this Proceeding may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., interrogatory, request for production, request for admission) if the party is under an obligation to a third party not to disclose such information (e.g., by prior agreement of confidentiality).  In such an event (except for information subject to another protective order or confidentiality order by another court), the producing party shall:

a.      timely serve a written objection to the production of the requested information on the basis of its obligation to a third party not to disclose such information;

b.      promptly provide to the third party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information, and (ii) a copy of this Protective Order; and

c.      if the third party does not agree to disclosure of its information, then the party requesting the documents or things from the third party may (i) serve a subpoena on the third party, if the requesting party has not already done so, or (ii) file a motion to compel production of the requested documents against a party and/or third party in the appropriate Court.

38.     Any party to this Proceeding that receives a subpoena or other request from a third party that seeks the disclosure/production of Confidential information already disclosed in this Proceeding that the party did not itself produce shall give prompt telephonic and written notice to that original producing party of such subpoena or other request, but in no event more than seven (7) calendar days after actual receipt of the subpoena or other request.  If the original producing party opposes disclosure of its documents called for by the subpoena or other request

20

within seven (7) calendar days from notice of the subpoena, then the party served with the subpoena shall not disclose the pertinent information until a Court has resolved the issue.  Absent a Court order, production or disclosure of another party's information shall not be made until the original producing party has agreed to such production to a third party.  The original producing party shall bear the burden to oppose, if it deems appropriate, the subpoena or other request on the grounds of confidentiality.  This Paragraph shall not apply to disclosure of information pursuant to a third party's subpoena or request for Confidential information, if the party receiving the subpoena or request itself produced the documents or things called for by the subpoena or request, i.e., this Paragraph shall not apply to the disclosure of a party's own documents or things.

## X.     USE OF CONFIDENTIAL INFORMATION IN FILINGS AND IN OPEN COURT

39.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

40.     The Clerk of Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court in compliance with Local Rule 5.1.3, which has been designated, in whole or in part, as containing or revealing Confidential information under this Stipulated Protective Order.

41.     In the event that a party or third party wishes to use any Confidential information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court to be maintained under seal, such paper shall be filed according to Local Rule 5.1.3.

42.     Any health information that is protected under state or federal privacy laws and is disclosed in discovery by a party or third party to this Proceeding shall not be used or disclosed in open court unless in accordance with a further order of the Court, such as an order of the Court sealing the courtroom.  The Court will enter further orders as necessary to control the conduct of hearings and trial as it relates to the use of Confidential information.

## XI.     DISPOSITION OF CONFIDENTIAL MATERIALS AFTER CONCLUSION OF THIS PROCEEDING

43.     Upon the final non-appealable termination of this Proceeding, all Confidential information received from an opposing or third party (and all copies and transcriptions thereof), shall be destroyed or returned to the producing party within ninety (90) calendar days.  Outside Counsel, however, may retain (even if such documents or things contain Confidential information) all correspondence, pleadings and exhibits, deposition transcripts and exhibits, expert reports and exhibits, hearing and trial transcripts and exhibits, court-filed documents and exhibits, and all documents and things containing or reflecting attorney work product except for HIPAA information (as defined in Paragraph 1), which must be destroyed or returned within ninety (90) calendar days of the termination of this Proceeding.  Outside Counsel shall certify their compliance with the provisions of this Paragraph within ninety (90) calendar days of the termination of the Proceeding.  The producing party shall identify to the receiving party all such protected health information to be destroyed or returned by specific production numbers within forty five (45) calendar days of the termination of this Proceeding.  If the producing party does not provide this specific information to the receiving party within forty five (45) days, then the receiving party is under no obligation to destroy or return the protected health care information, but the health care information shall remain Confidential under the provisions of this Order. Documents and work product retained by Outside Counsel shall remain subject to the terms of

this Order.  Pursuant to this Paragraph, after ninety (90) calendar days following final non-appealable termination of this Proceeding, no person or entity other than Outside Counsel shall retain any Confidential information that it received from another party during the course of the Proceeding, including but not limited to Confidential information in the form of notes, recordings, memoranda, summaries or other written materials relating to or containing another party's Confidential information.

44.    To the extent a party is dismissed from the Proceeding prior to a final non-appealable termination with regard to the remaining parties, the dismissed party shall comply with Paragraph 43 as if the dismissal were a final non-appealable termination.

## XII.    ADDITIONAL PROVISIONS

45.    This Order shall be binding upon the Parties to this Proceeding and any signatories to the Undertaking attached as Exhibit A or the Certification attached as Exhibit B, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers, and employees.

46.    This Order shall apply to all information and material produced in this Proceeding, including all information and material produced prior to the execution of this Order by the Court.

47.    The Parties agree that the following documents will not be discoverable:  (a) drafts of expert reports, affidavits, or declarations; (b) counsel's communications with experts, affiants or declarants, except to the extent such communications are excepted by Federal Rule of Civil Procedure 26(b)(4)(C)(i)-(iii); (c) experts', affiants', and declarants' notes and working papers regarding such documents; and (d) attorney-client communications dated on or after July

23

30, 2019, the date on the face of the first notice letter that was received by Plaintiffs with respect to Viberzi®.

48.     If any party breaches, or threatens to commit a breach, of any of the provisions of this Order, each non-breaching party or third party that produced information subject to this Order shall have the right to ask the Court for any remedies available under law or in equity, including having the Order specifically enforced (without posting any bond) and/or entering a restraining order or injunction (preliminary or permanent) against the breaching party for breaches, threatened or actual.  It is agreed and acknowledged that, in the event of any such breach or threatened breach, the breaching party is not entitled to a presumption that money damages or legal remedies are sufficient or adequate to remedy such a breach.

49.     By written agreement of the Parties, or upon motion and order of the Court, the terms of this Order may be amended or modified, provided that any such stipulated modification concerning the use of any health information that is protected under state or federal privacy laws, or other applicable personal data protection laws, and is disclosed in discovery by a party or third party to this Proceeding shall be presented to the Court.

50.     This Order shall continue in force until amended or superseded by express order of the Court.  This Order shall survive termination of this Proceeding, including any final judgment, appeal, or settlement to the extent the Confidential information is not or does not become known to the public.by means other than a breach of this Order.

51.     Nothing in this Order shall prejudice the right of any party or third party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

52.     In the event that a new party is added, substituted, or otherwise brought into this Proceeding, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

53.     Each person or entity who receives any Confidential information agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

54.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated Confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

55.     In order to expedite the discovery process, until this Stipulated Protective Order has been entered by the Court, the Parties agree that after counsel for the Parties execute this Stipulated Protective Order, it will be treated as though it had been "So Ordered."

AGREED AND STIPULATED TO:

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan
_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs*

July 31, 2020


MORRIS JAMES LLP

/s/ Kenneth L. Dorsney
_____

Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendants*


SO ORDERED this  31  day of    July    , 2020


/s/ Richard G. Andrews
_____
The Honorable Richard G. Andrews
United States District Judge

26

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALLERGAN USA, INC., ALLERGAN      )
HOLDINGS UNLIMITED COMPANY,      )
ALLERGAN PHARMACEUTICALS      )
INTERNATIONAL LIMITED and      )
JANSSEN PHARMACEUTICA NV,      )
     )
       Plaintiffs,      )
     )
       v.      )    C.A. No. 19-1674 (RGA)
     )
AUROBINDO PHARMA LTD. and      )
AUROBINDO PHARMA USA, INC.,      )
     )
       Defendants.      )

**<u>UNDERTAKING REGARDING PROTECTIVE ORDER</u>**

1.      I, _____, have been asked by counsel for Plaintiffs / Defendants [circle one] (the "Identified Party(ies)," herein) in the above-captioned matter to review certain confidential documents or other information that is subject to the Stipulated Protective Order that has been or will be entered by the U.S. District Court for the District of Delaware in the above-captioned case.

2.      My present employer is _____ and my present work address is _____. My present job title/description is _____.

3.      I represent that:

       a.      I am an attorney licensed in the United States, or

       b.      after a reasonable investigation, the Identified Party(ies) and their corporate parents and corporate affiliates, collectively, do not employ two in-house legal counsel

who are licensed U.S. attorneys and who are not directly responsible for competitive decision making.

4.      I am not personally involved in competitive decision making on behalf of the Identified Party(ies).

5.      I am not personally involved in the formulation of any drug product that is a generic equivalent of any drug containing eluxadoline and I do not have direct responsibility in any petitioning, counseling, or other correspondence involving the FDA concerning Viberzi® and/or any proposed therapeutic equivalents thereof, including but not limited to the preparation or submission of any FDA correspondence, or any similar correspondence in any foreign country regarding regulatory approval requirements for Viberzi®.

6.      I have received a copy of the Stipulated Protective Order in this action.  I have carefully read and understand its provisions.

7.      I will comply with all provisions of the Protective Order, including but not limited to the following:

      a.      I will not disclose any information, documents, or things designated as Confidential information to anyone other than those persons specifically authorized by the Protective Order.

      b.      I will not use any Confidential information for any purpose other than the above-captioned case.

      c.      When requested to do so, I will return or destroy all materials containing Confidential information, and all documents and things that I have prepared relating thereto.

8.      I will take reasonable steps to restrict access to any Confidential information to only those persons authorized by the Stipulated Protective Order to have such access.  I will

inform any of my employees or staff who encounter Confidential information of the terms of the Stipulated Protective Order and provide a copy to the employee.

9.      I understand that my obligations regarding Confidential information under the Stipulate Protective Order apply equally to copies, summaries, excerpts, transcripts, indices, expert reports, or compilations of information containing Confidential information, as well as any knowledge or information derived from any such information I receive during this action.

10.      I understand that if I violate the provisions of the Stipulated Protective Order, I will be subject to sanctions by the Court, and that the parties or third-parties that designated the information as Confidential information may assert other remedies against me.

11.      I voluntarily submit to the jurisdiction of the U.S. District Court for the District of Delaware with respect to the enforcement of the Stipulated Protective Order, or with respect to any other order issued by the Court governing the use of confidential information.

12.      I agree to appear in person before the U.S. District Court for the District of Delaware if there is any motion practice or hearing before the Court regarding my compliance with the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Date: _____


_____

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLERGAN USA, INC., ALLERGAN HOLDINGS UNLIMITED COMPANY, ALLERGAN PHARMACEUTICALS INTERNATIONAL LIMITED and JANSSEN PHARMACEUTICA NV, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-1674 (RGA) |
| AUROBINDO PHARMA LTD. and AUROBINDO PHARMA USA, INC., | ) ) ) | |
| Defendants. | ) | |

**<u>CERTIFICATION REGARDING PROTECTIVE ORDER</u>**

1.      I, _____, have been asked by counsel for Plaintiffs / Defendants [circle one] in the above-captioned matter to review certain confidential documents or other information that is subject to the Stipulated Protective Order that has been or will be entered by the District Court for the District of Delaware in the above-captioned case.

2.      My present employer is _____ and my present work address is _____.   My present job title/description is _____.

3.      I have received a copy of the Stipulated Protective Order in this action. I have carefully read and understand its provisions.

4.      I will comply with all provisions of the Protective Order, including but not limited to the following:

       a.     I will not disclose any information, documents, or things designated as Confidential information to anyone other than those persons specifically authorized by the Protective Order.

       b.     I will not use any Confidential information for any purpose other than the above-captioned case.

       c.     When requested to do so, I will return or destroy all materials containing Confidential information, and all documents and things that I have prepared relating thereto.

5.     I will take reasonable steps to restrict access to any Confidential information to only those persons authorized by the Protective Order to have such access. I will inform any of my employees or staff who encounter Confidential information of the terms of the Protective Order and provide a copy to the employee.

6.     I understand that my obligations regarding Confidential information under the Protective Order apply equally to copies, summaries, excerpts, transcripts, indices, expert reports, or compilations of information containing Confidential information, as well as any knowledge or information derived from any such information I receive during this action.

7.     I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that the parties or third-parties that designated the information as Confidential information may assert other remedies against me.

8.     I voluntarily submit to the jurisdiction of the United States District Court for the District of Delaware with respect to the enforcement of the Stipulated Protective Order, or with respect to any other order issued by the Court governing the use of confidential information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

_____

3